IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHNNY JOE CROWLEY,

          Petitioner,

v.

WARDEN WILLIAMS,
FCI GREENVILLE,

          Respondent.

Case No. 20-cv-00857-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    Petitioner Johnny Joe Crowley, an inmate of the Federal Bureau of Prisons ("BOP") incarcerated at Federal Correctional Institution Greenville ("FCI Greenville"), brings this habeas action pursuant to 28 U.S.C. § 2241. He challenges the BOP's calculation of his sentence and its failure to credit him with good conduct time.

    Crowley has served a number of sentences in federal custody in the past two decades.[1] He completed his prior terms of incarceration and was released to supervision on June 26, 2013. In 2015, Crowley pleaded guilty in Case No. 15-cr-04404 (June 7, 2016) and was sentenced to 84 months' imprisonment (Doc. 16-1 at 25-32). Crowley was also given a sentence of 36 months' imprisonment, 14 months consecutively and 22 months concurrently, for violating the terms of his release in Case No. 05-cr-00734 (June 7, 2016) (Doc. 16-1 at 34-36).

---

[1] Crowley was sentenced to 46 months' imprisonment in Case No. 99-cr-00441 (D.N.M. Aug 29, 2000); and to 120 months imprisonment in Case 05-cr-00734 (Mar. 7, 2006) with a concurrent sentence of 24 months for violating the terms of his release in Case No. 99-cr-00441 (Mar. 8, 2006) (Doc. 16-1 at 8-25).

Crowley filed this petition under 28 U.S.C. § 2241 on August 31, 2020, alleging that the BOP erred in calculating time credits for compliance with disciplinary regulations ("Good Conduct Time") under the First Step Act, 18 U.S.C. § 3624(b). Crowley appears to indicate that he feels that he should be given an additional 100 days of Good Conduct Time, though he has not provided any calculations to support this view. The Government contends, and the Court is inclined to agree, that Crowley is arguing that the calculation of his good conduct time should include the term of imprisonment that he previously served Case No. 05-cr-00734. Because his present sentence includes a sentence incurred for violating his release conditions in that prior action, Crowley appears to contend that he is effectively serving the same term of imprisonment.

This is an erroneous interpretation of the First Step Act, which provides that a "prisoner who is serving a term of imprisonment" may receive good conduct time for "each year of the prisoner's sentence imposed by the Court[.]" 18 U.S.C. § 3624(b)(1). The plain language of the statute makes clear that this time is calculated based on a particular sentence or term of imprisonment, not a case number. While part of Crowley's sentence was imposed in the same case as one of his prior sentences, it is a separate sentence and a separate term of imprisonment; he is entitled to no additional Good Conduct Time for the sentence that he previously served. The Court further notes that Good Conduct Time is linked to "exemplary compliance with institutional disciplinary regulations[,]" 18 U.S.C. § 3624(b)(1), and Crowley's conduct has been anything but exemplary. Accordingly, the Court must dismiss his petition.

For the reasons set forth above, Crowley's Petition for Writ of Habeas Corpus

under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

If Crowley wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Crowley plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Crowley does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Crowley to obtain a certificate of appealability from this disposition of his Section 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

DATED:   March 2, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**